

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-13-2002

# Govt of VI v. Simmons

Precedential or Non-Precedential: Non-Precedential

Docket No. 00-4184

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Govt of VI v. Simmons" (2002). *2002 Decisions.* Paper 358.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/358

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 00-4184
_____

GOVERNMENT OF THE VIRGIN ISLANDS

v.

KEVIN SIMMONS,

Appellant
_____

On Appeal from the District Court of the Virgin Islands -- Appellate Division

District Court Judges:  Raymond L. Finch, Chief
Thomas K. Moore, District Judge
Brenda J. Hollar, Territorial Judge

(D.C. Crim. No. 98-cr-00139)
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 13, 2002

Before:  AMBRO, FUENTES, and GARTH, Circuit Judges.

(Opinion Filed: June 13, 2002)
_____


OPINION OF THE COURT
_____ FUENTES, Circuit Judge:

Defendant Kevin Simmons was convicted of murder in the first degree and of possession of a firearm during the commission of a crime of violence.  The trial court sentenced him to life without parole on the first-degree murder conviction and to five years on his firearm conviction.  Simmons appeals from the Order of the District Court of the Virgin Islands Appellate Division affirming his conviction, claiming the trial court erred by improperly instructing the jury, by misinterpreting the jury's verdict, and by not informing the parties of a note from the jury attached to the verdict form at the time the verdict was accepted by the court.  Because we conclude that the defendant's arguments are without merit, we will affirm his conviction.

I.

As the facts of this case are well-known to the parties, we state them only in summary.  Early in the afternoon of January 26, 1996, Kevin Simmons and two other men fired multiple gunshots at sixteen-year-old Ajamu Williams at the Ludvig Harrigan Court in Frederiksted, St. Croix.  As the assailants retreated, Williams called out to a friend to ask if the men had left.  The defendant heard Williams, returned to the area, and shot him in the head.  Soon thereafter, Williams was pronounced dead on arrival at the Governor Juan Luis Hospital.

Simmons, Rodney Greenidge, and Andy Peters were arrested for the murder of Williams.  At his trial, Simmons asserted a defense of "acute stress disorder," allegedly brought about by earlier incidents in which he had been shot at and threatened.  Most notably, approximately twelve hours before Simmons and his friends shot and killed Williams, three gunshots had ripped through Simmons' home while he and his family

were inside.  Because Simmons suspected that young men from the Harrigan Housing Community were behind the shooting, he and his friends retaliated against Williams, a resident of Harrigan.

On October 12, 1996, a jury found the defendant guilty of both charges.  Together with their verdict, the jurors submitted a note to the judge, which read:

Your Honor                                    10-12-96

        In consideration of our verdict, we the Jury would like to recommend that in your decision to the Defendant Kevin Simmonds [sic], you make some mandatory Psycological [sic] treatment as part of his rehabilitation[.]

        [Twelve jurors affixed their signatures here.]

The trial judge neither informed counsel about the note nor responded to it.  On November 2, 1998, the defendant was sentenced to life without parole on the first-degree murder conviction to be served concurrently with a sentence of five years on his conviction for possession of a firearm during the commission of a crime of violence.

The defendant appealed to the Appellate Division of the District Court of the Virgin Islands, claiming that the trial court erred in failing to instruct the jury on the consequences of a not guilty by reason of insanity ("NGI") verdict, that the jury note given to the judge constituted ex parte communication violative of defendant's right to be present at all critical stages of his trial, and that the trial court erred in failing to give defendant's proposed instruction on voluntary manslaughter.  The Appellate Division affirmed his conviction, finding that, because the defendant did not give proper notice of his intent to assert an insanity defense pursuant to Federal Rule of Criminal Procedure 12.2(a), he was not entitled to the insanity instruction that he received and, accordingly, was not entitled to an instruction on the consequences of an NGI verdict.  Further, the Appellate Division deemed the trial judge's failure to share the jury's note to be irrelevant since the defendant was never entitled to assert an insanity defense.  Finally, the Appellate Division reviewed the trial judge's jury instruction for voluntary manslaughter and found that it fully apprised the jury of the applicable law and, thus, did not constitute plain error.  This appeal followed.

II.

The Appellate Division of the District Court of the Virgin Islands had jurisdiction over this case pursuant to 4 V.I. Code Ann.  33.  We exercise jurisdiction under 28 U.S.C.  1291.

A.    The Jury Instructions

The defendant claims that the trial judge erred by failing to instruct the jury as to the consequences of an NGI verdict.  Because Simmons did not object to the court's instructions on an NGI verdict, "a new trial can be granted only if the failure of the [trial] court to provide a specific instruction constitutes 'plain error.'"  Gov't of the Virgin Islands v. Smith, 949 F.2d 677, 681 (3d Cir. 1991) (citing Fed.R.Crim.P. 52(b)).  Plain errors can be described as those that "undermine the fundamental fairness of the trial and contribute to a miscarriage of justice."  Id. at 681 (quoting United States v. Young, 470 U.S. 1, 16 (1985)).

Rule 12.2(a) of the Federal Rules of Criminal Procedure provides:
        Defense of Insanity.  If a defendant intends to rely upon the defense of insanity at the time of the alleged offense, the defendant shall, within the time provided for the filing of pretrial motions or at such later time as the court may direct, notify the attorney for the government in writing of such intention and file a copy of such notice with the clerk.  If there is a failure to comply with the requirements of this subdivision, insanity may not be raised as a defense.  The court may for cause shown allow late filing of the notice or grant additional time to the parties to prepare for trial or make

such other order as may be appropriate.

Fed.R.Crim.P. 12.2(a).  The record reflects that Simmons never gave notice of an insanity defense.  Further, he failed to request an instruction on the consequences of an NGI verdict.  He merely gave notice, pursuant to Rule 12.2(b), that he intended to show a lack of intent to commit the crime due to some mental disability.  Because he failed to comply with the requirements of Rule 12.2(a), Simmons was not entitled to raise insanity as a defense.  Thus, we agree with the Appellate Division's conclusion that the trial judge did not commit error by not instructing the jury as to the consequences of an NGI verdict.  We further note that, even if Simmons had given proper notice under Rule 12.2(a) and had requested an instruction on the consequences of an NGI verdict, the decision to provide such an instruction ordinarily "should be left to the sound discretion of the trial judge."  United States v. Fisher, 10 F.3d 115, 121 (3d Cir. 1993).

Simmons next argues that the trial court erred by not instructing the jury that extreme emotional disturbance is a basis for a finding of voluntary manslaughter.  Because Simmons failed to preserve this objection to the jury instructions, we again review the instructions for plain error.  See Gov't of the Virgin Islands v. Knight, 989 F.2d 619, 630 (3d Cir. 1993).

As defined by the law of the Virgin Islands, voluntary manslaughter is the "unlawful killing of a human being without malice aforethought" that is committed "upon a sudden quarrel or heat of passion."  14 V.I.C.  924.  Having reviewed the record, we find that the instructions administered by the trial judge on voluntary manslaughter, as well as on first-degree and second-degree murder, fully and adequately explained the applicable law to the jury and, thus, did not constitute plain error.

### B.    The Jury's Note

We turn next to the issues raised by the jury's note to the judge submitted together with the verdict form.  Simmons describes the note as part of the "global results" of the jury deliberations, demonstrating that the jury had a reasonable doubt as to whether the defendant had the specific intent to commit first-degree murder.  Accordingly, Simmons claims that the trial judge misinterpreted the jury's verdict and should have granted a judgment of acquittal as to the charge of murder in the first degree.  The government responds that the note constituted mere surplusage and did not affect the legality of the guilty verdict.

We note that we exercise plenary review over the trial court's interpretation of the law and its application of the law to the facts of a case.  See United States v. Boynes, 149 F.3d 208, 211 (3d Cir. 1998).

When a jury submits a plea for mercy together with a guilty verdict, we have held that, generally, "such a recommendation does not affect the validity of the verdict and may be disregarded as surplusage."  United States v. Lee, 532 F.2d 911, 914 (3d Cir. 1976).  In this case, the jury's note explained that it "would like to recommend" that Simmons receive "mandatory Psycological [sic] treatment as part of his rehabilitation."  The jury's note does not reflect a plea for mercy as much as a recommendation to the judge that part of the defendant's sentence include psychological treatment.

As the Fifth Circuit recently observed, "[f]ederal courts have long held that additional jury notations that are not directly responsive to the jury charge and verdict form are surplusage, and are to be ignored."  Great Pines Water Co., Inc. v. Liqui-Box Corp., 203 F.3d 920, 924 (5th Cir. 2000).  An exception to this general rule exists, however, when "the circumstances of the jury's recommendation cast doubt upon the unqualified nature of the verdict."  United States v. Ailsworth, 138 F.3d 843, 846 (10th Cir. 1998) (citing United States v. McCoy, 429 F.2d 739, 742 (D.C.Cir.1970); Cook v. United States, 379 F.2d 966, 970 (5th Cir. 1967)).

Because we find that the content of the jury's note and the circumstances surrounding it do not cast doubt upon the unqualified nature of the jury's guilty verdict, we hold that the exception to the general rule does not apply in this case.  The note merely constituted a "recommendation" from the jury that the trial court properly regarded as surplusage.  Accordingly, we find that the trial court did not err by concluding that the jury found Simmons to be guilty of murder in the first degree.

Simmons also argues that the trial judge's failure to share the jury note with counsel prior to the discharge of the jury violated his right to be present at all critical

stages of his trial, as required by Federal Rule of Criminal Procedure 43.  In light of our conclusion that the jury note constituted mere surplusage and did not cast doubt upon the unqualified nature of the jury's verdict, we find that the trial court's failure to share the note immediately with counsel did not result in a violation of the defendant's right to be present at all critical stages of his trial.

We have carefully considered Simmons' remaining arguments in this appeal and conclude that they are without merit.

### III.

For the reasons stated above, we will affirm the Order of the District Court of the Virgin Islands Appellate Division affirming defendant's conviction.

_____

TO THE CLERK OF THE COURT:

Kindly file the foregoing Opinion.

/s/ Julio M. Fuentes
Circuit Judge